• MORGAN J.
The petitioner alleges that on the night of the twelfth of November, 1869, between the hours of ten and eleven, at a point on Canal street, between Baronne and Carondelet, while exercising his privilege as a citizen, of walking the streets, proceeding on foot down the sidewalk of the neutral ground on Canal street, on the right hand side of said neutral ground, and going towards the Mississippi river from the direction of Baronne street, he was knocked down, run over, and had one of his legs so terribly crushed by car No. 18, belonging to the Canal and Claiborne street Railroad Company, drawn by one of the company’s mules, and driven by an agent and employe of said company, that it was necessary to have his leg amputated, and he was thereby made a cripple for life.
On the trial the plaintiff, when examined as a witness, said that when the defendant’s car ran over him he was walking on the track of the railroad. His testimony was objected to on the ground that it did not correspond with the allegation in his petition, which was that when the accident happened he was proceeding down the walk of the ueutral ground on Canal street. It is true that the allegata and the probata must agree. Bat we understand that it is sufficient if the substance of the issue be proved. Now the real substance of the issue in this ease is not, to a mathematical precision, where the plaintiff was when the terrible calamity of which he is the victim overtook him, but first, whether he did suffer, and second, whether if he suffered it was from the fault of the defendant. We think the testimony was properly received. As to the first point, we think it fully established that the defendants’ car did the deed. As to the second point. The general propositions that every person is responsible for the damage he occasions, not merely by his act, but by his negligence, imprudence, or want of skill; that we are responsible not only for the damage occasioned by our own act, but for that which is caused by the acts of *54 persons for whom we are answerable, or of the things which we have the custody, is not disputed. Neither can it be denied that a railroad company is responsible for the damages caused by its servants. They have been constantly made to pay the injuries which they have occasioned, where the injuries have been the result of carelessness or bad management of their servants.
But where the conduct of the plaintiff has been negligent and has contributed to the disaster, he can not recover, even though the defendant be in fault. This is the language of this court in the case of Knight v. Pontchartrain Railroad Company, 23 An. 462, in which this whole doctrine was considered and where all the authorities which could be found upon the subject are referred to. We are satisfied that that case was properly decided, and our inquiries must now be directed to the question of negligence on the part of the plaintiff.
In tlie centre of Canal street, on what is known as the neutral ground, there are four railroad tracks; two belonging to the City Railroad, and two belonging to the defendants. Those belonging to the defendants run near the edge of the neutral ground, those belonging to the City Railroad, in the center. Both lines of road traverse a thickly settled portion of the city, and their respective cars are almost constantly going and coming. The space between the side of the neutral ground and the defendants’ track is narrow. The space between the different tracks is limited. The starting point for the City Railroad cars is between Carondelet and St. Charles streets. The defendants’ cars cross St. Charles street and go towards the levee.
The plaintiff’s residence is iu the lower part of the city. To reach there he uses the City Railroad cars. At about half past ten o’clock of the night of the twelfth of November, 1869, he came down Baronne street to take the Bayou road cars. These cars start from a point between St. Charles and Carondelet streets. Under these circumstances what would have been the course of a prudent man 1 He would have waited on the corner of Canal and Baronne for his car. Or, if he wished to take the car at its point of departure, he would have gone up Canal street on the upper side until he got opposite his car, and then crossed the street. Instead of this he crossed Canal street one square and a half below the point where he wished to take the car, and up the neutral ground. Even here if he had walked on the flagging which intervenes between the railroad track and the street proper he could have done so with comparative safety. But, from his own evidence, he was walking on the track itself when the disaster occurred to him. Two roads were open to him. One, absolutely free from risk of any kind; the other, full of danger. He chose the latter, and no matter how much we may regret the circumstance of his calamity, we *55 feel constrained to say that- it was in part the result of his own carelessness. He can not therefore make the railroad company responsible for a disaster which he brought to some extent upon himself.
This opinion does not in any manner clash with the decision in Barksdall’s case 23 An. 180. There the child was run over while endeavoring to cross St. Charles street on the upper crossing of St. Mary street. He was then in the proper place and pursuing the route which was the only one lie could safely have taken. He did not, therefore, contribute to the negligence which caused him to suffer. It was the driver of the car who was alone to blame for the accident.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, annulled and reversed, and that there be judgment in favor of the defendants, with costs in both courts.